# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JONES, SR., | CV F   04 5823 REC LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| | (Doc. 1.) |
| TERRY MICHALSKI, | |
| Defendants. | |

Frederick Jones, Sr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on June 10, 2004.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that on April 29, 2004, Defendant Michalski refused to allow a private investigator hired by Plaintiff to assist him in preparation for his criminal defense, to visit him. Plaintiff alleges this violated his "access to the assistance of counsel." (Complaint at 3.)

**C. CLAIMS FOR RELIEF**

The Supreme Court has recognized that convicted prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). However, the applicability of the "access to the courts" line of cases to pre-trial detainees proceeding without counsel during their criminal trial remains unsettled. See Taylor v. List, 880 F.2d 1040, 1047 (9th Cir. 1989); Milton v. Morris, 767 F.2d. 1443, 1446 n.2 (9th Cir. 1985). In this Circuit, the Court of Appeals has clearly stated that Faretta v. California, 422 U.S. 806 (1975) controls this type of case. Taylor, 880 F.2d at 1047; Milton, 767 F.2d at 1446.

A criminal defendant has a constitutional right to conduct his own defense. Faretta, 422 U.S. at 834-36. The right to self-representation necessarily includes the right to prepare a defense. Taylor at 1047; Milton at 1445-46. Thus, allegations that jail personnel interfered with a pre-trial detainee's attempt to prepare his defense by prohibiting access to individuals necessary

for the preparation of trial may give rise to a cognizable claim for relief under section 1983 for violation of the Sixth Amendment. At this juncture, however, such claim is barred.

The Sixth Amendment claim must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "...[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id.

A judgment in favor of Plaintiff on his claim that Defendant violated his Sixth Amendment right to self-representation by interfering with the preparation of his defense would necessarily imply the invalidity of his conviction. Id. Accordingly, this claim is not cognizable under section 1983 until plaintiff invalidates his conviction. Id.

**D. CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under section 1983. Further, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed

1  within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.
2  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).
3        The parties are advised that failure to file objections within the specified time may waive
4  the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
5  1991).
6  IT IS SO ORDERED.
7  **Dated:   March 8, 2006**              /s/ **Lawrence J. O'Neill**
   b9ed48                        UNITED STATES MAGISTRATE JUDGE

4